MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: JOHN D. CLOPPER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel. No. (212) 637-2716
Fax No. (212) 637-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUNG HO MOON,

        *Plaintiff*,

  v.

UNITED STATES OF AMERICA,

        *Defendant*.

**ANSWER**

08 Civ. 01990 (WHP)

**ELECTRONICALLY FILED**

      Defendant United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully answer plaintiff's complaint on information and belief as follows:

      1.     Paragraph 1 of the complaint sets forth plaintiff's characterization of the action to which no response is required.

      2.     Paragraph 2 of the complaint sets forth plaintiff's allegations of jurisdiction to which no response is required.

      3.     Admits the allegations of Paragraph 3 of the complaint.

4. Denies the allegations of Paragraph 4 of the complaint, except admits that the United States Drug Enforcement Administration ("DEA") is a component of the United States Department of Justice.

5. Denies the allegations of Paragraph 4 of the complaint, except admits that the DEA is a component of the United States Department of Justice.

6. Admits the allegations of Paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the complaint.

8. Paragraph 8 of the complaint sets forth plaintiff's allegations of jurisdiction to which no response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the complaint, except admits that a claim dated January 30, 2007 was filed.

10. Denies the allegations of Paragraph 10 of the complaint, except admits that the claim was denied.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the complaint.

12. Denies the allegations of Paragraph 12 of the complaint, except admits that the accident alleged in the complaint occurred in the County of New York, State of New York, within the geographical jurisdiction of the Southern District of New York.

13. Paragraph 13 of the complaint sets forth plaintiff's allegations of venue to which no response is required.

14. The responses contained in Paragraphs 1-13 are incorporated by reference as though fully set forth herein.

15. Admits the allegations of Paragraph 15 of the complaint.

16. Admits the allegations of Paragraph 16 of the complaint.

17. Admits the allegations of Paragraph 17 of the complaint.

18. Admits the allegations of Paragraph 18 of the complaint.

19. Denies the allegations of Paragraph 19 of the complaint.

20. Denies the allegations of Paragraph 20 of the complaint.

21. Admits the allegations of Paragraph 21 of the complaint.

22. Admits the allegations of Paragraph 22 of the complaint.

23. Denies the allegations of Paragraph 23 of the complaint.

24. Admits the allegations of Paragraph 24 of the complaint.

25. Admits the allegations of Paragraph 25 of the complaint.

26. Admits the allegations of Paragraph 26 of the complaint.

27. Denies the allegations of Paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the complaint.

31. Admits the allegations of Paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the complaint.

33. Denies the allegations of Paragraph 33 of the complaint.

34. Denies the allegations of Paragraph 34 of the complaint.

35. Denies the allegations of Paragraph 35 of the complaint.

36. Denies the allegations of Paragraph 36 of the complaint.

37. Denies the allegations of Paragraph 37 of the complaint.

38. Admits the allegations of Paragraph 38 of the complaint.

39. Admits the allegations of Paragraph 39 of the complaint.

40. Admits the allegations of Paragraph 40 of the complaint.

41. Admits the allegations of Paragraph 41 of the complaint.

42. Denies the allegations of Paragraph 42 of the complaint.

43. Denies the allegations of Paragraph 43 of the complaint.

44. Denies the allegations of Paragraph 44 of the complaint.

45. Denies the allegations of Paragraph 45 of the complaint.

46. Denies the allegations of Paragraph 46 of the complaint.

47. Denies the allegations of Paragraph 47 of the complaint.

48. Denies the allegations of Paragraph 48 of the complaint.

49. Denies the allegations of Paragraph 49 of the complaint.

50. Denies the allegations of Paragraph 50 of the complaint.

51. Denies the allegations of Paragraph 51 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

52. Denies the allegations of Paragraph 52 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

53. Denies the allegations of Paragraph 53 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

54. Denies the allegations of Paragraph 54 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

55. Denies the allegations of Paragraph 55 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

56. Denies the allegations of Paragraph 56 of the complaint, except admits that on May 31, 2006, Mansfield operated the vehicle in the course of his employment with the United States.

57. Denies the allegations of Paragraph 57 of the complaint.

58. Denies the allegations of Paragraph 58 of the complaint.

59. Denies the allegations of Paragraph 59 of the complaint.

60. Denies the allegations of Paragraph 60 of the complaint.

61. Denies the allegations of Paragraph 61 of the complaint.

62. Denies the allegations of Paragraph 62 of the complaint.

63. Denies the allegations of Paragraph 63 of the complaint.

64. Denies the allegations of Paragraph 64 of the complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the complaint.

66. Admits the allegations of Paragraph 66 of the complaint.

67. Admits the allegations of Paragraph 67 of the complaint.

68. Admits the allegations of Paragraph 68 of the complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the complaint.

70. Denies the allegations of Paragraph 70 of the complaint.

71. Denies the allegations of Paragraph 71 of the complaint.

72. Admits the allegations of Paragraph 72 of the complaint.

73. Denies the allegations of Paragraph 73 of the complaint.

74. Denies the allegations of Paragraph 74 of the complaint.

75. Denies the allegations of Paragraph 75 of the complaint.

76. Denies the allegations of Paragraph 76 of the complaint.

77. Denies the allegations of Paragraph 77 of the complaint.

78. Denies the allegations of Paragraph 78 of the complaint.

79. Denies the allegations of Paragraph 79 of the complaint.

80. Denies the allegations of Paragraph 80 of the complaint.

81. Denies the allegations of Paragraph 81 of the complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the complaint.

84. Denies the allegations of Paragraph 84 of the complaint.

85. Denies the allegations of Paragraph 85 of the complaint.

86. Denies the allegations of Paragraph 86 of the complaint.

87. The responses contained in Paragraphs 1-86 are incorporated by reference as though fully set forth herein.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the complaint.

89. Denies the allegations of Paragraph 89 of the complaint.

90. Denies the allegations of Paragraph 90 of the complaint.

91. Denies the allegations of Paragraph 91 of the complaint.

92. The paragraph following Paragraph 91 constitutes plaintiff's demand for judgment to which no response is required.

## FIRST DEFENSE

Plaintiff's damages, if any, are due in whole or in part to the acts or omissions of others, known or unknown, over whom defendant United States of America exercised no control.

## SECOND DEFENSE

Plaintiff's damages were not proximately caused by acts or omissions attributable to the defendant United States of America.

## THIRD DEFENSE

Plaintiff is not entitled to recovery under the Comprehensive Motor Vehicle Insurance Reparations Act, N.Y. Ins. Law §§ 5101-5108.

## FOURTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. Civ. Prac. L. & R. § 4545(c).

## FIFTH DEFENSE

In the event that defendant United States of America is found to be negligent, which negligence defendant United States of America denies, the negligence of the plaintiff or other parties contributed to causing plaintiff's injuries, and any recovery must be proportionately reduced.

## SIXTH DEFENSE

Defendant is not liable for interest prior to judgment pursuant to 28 U.S.C. § 2674.

## SEVENTH DEFENSE

Defendant is not liable for damages not recoverable under 28 U.S.C. § 2674.

## EIGHTH DEFENSE

Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

      WHEREFORE, defendant United States of America demands judgment dismissing plaintiff's complaint and granting such further relief as this Court deems proper, including costs and disbursements.

Dated:  New York, New York
         May 2, 2008

                                                  Respectfully submitted,

                                                  MICHAEL J. GARCIA
                                                  United States Attorney for the
                                                  Southern District of New York
                                                  Attorney for Defendant

                                By:   /s/ John D. Clopper
                                                  JOHN D. CLOPPER
                                                  Assistant United States Attorney
                                                  86 Chambers Street
                                                  New York, New York 10007
                                                  Tel.: (212) 637-2716
                                                  Fax: (212) 637-0033